UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FOX and
SCOTT DAVID PERREAULT,

    Plaintiffs,

v.

DANIEL HEYNS, CATHLEEN STODDARD,
SHAWN YOUNG, and DAVID LESLIE,

    Defendants.
_____/

File No. 1:13-CV-1003

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. On February 26, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 29) recommending that Defendants' Motion for Summary Judgment (ECF No. 18) be granted, that the state claims alleged by Plaintiffs be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997a(a), and for mootness. Plaintiffs filed Objections to the R&R. (ECF No. 26, 27.)

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932

F.2d 505, 508-09 (6th Cir. 1991)). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* After conducting a de novo review of the R&R, Plaintiff's Objections, and the pertinent portions of the record, the Court adopts in part and rejects in part the R&R.

**A. Exhaustion of Administrative Remedies**

The R&R concluded that Defendants' motion for summary judgment should be granted because Plaintiffs failed to properly exhaust their administrative remedies against Defendants. The R&R concluded that Plaintiff Perreault did not exhaust his retaliation claim against Young (R&R at 16) and that Plaintiffs failed to exhaust their grievances regarding MDOC's recognition of Christian Identity as a faith group (R&R at 16). Plaintiffs object that they did properly exhaust their claims against all Defendants.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Prison Litigation Reform Act exhaustion requirement "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520.

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "[N]o unexhausted claim may be considered." *Id.* at 220. The Supreme Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts are required to dismiss

the unexhausted claims and proceed to address only the exhausted claims. *Id*. at 222.

Proper exhaustion entails compliance with the relevant state agency's deadlines and other critical procedural rules. *See Woodford*, 548 U.S. at 90-91. As noted by the Magistrate Judge, the relevant state rules are set forth in MDOC's Policy Directive ("PD") 03.02.130 (effective 2007), which establishes the requirements for pursuing a grievance through a Step III appeal.

Defendants claim that Plaintiffs failed to exhaust their available administrative remedies because Plaintiffs failed to name particular Defendants in every grievance. The Sixth Circuit confronted a similar issue in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010), and squarely held that a prisoner has properly exhausted his administrative remedies where he invokes the grievance process through completion and receives a merit-based response at each step. If the State declines to enforce its own procedural rule that a prisoner identify individual officials by name, the Court will treat the procedural defense as waived. *Id*.

Plaintiffs' grievances specifically identify Defendant Leslie and prisoner administrators, and Plaintiffs' appeals also identify Deputy Warden Young, Warden Stoddard, and Director Heyns. (Fox Grievances MTU-13-03-00343-020z, MTU-13-03-00344-020b Step III Appeal, ECF No. 19, Page ID#91; Perreault Grievances MTU-13-03-00287-020b Step III - Reason for Appeal, ECF No. 19, Page ID#109; MTU-13-03-00285-020d Step III - Reason for Appeal, ECF No. 19, Page ID#113; MTU-13-03-02686-020a Step III - Reason for Appeal, ECF No. 19, Page ID#117.) At each step of the grievance process, MDOC addressed the merits of Plaintiffs' grievances and appeals without raising a procedural bar to the grievance for failure to name particular individuals. Thus, Plaintiffs properly exhausted their administrative remedies before filing their complaint against Defendants. *See Sweezer v. Heyns*, No. 13-CV-14382, 2015 WL 417532, at *3-4 (E.D. Mich. Jan. 31, 2015)

(following *Reed-Bey v. Pramstaller* to find that the plaintiff's failure to include defendant's names in his grievance precludes federal review where the defendants addressed the merits of his grievance); *Christian v. Mich. Dep't of Corr. Health Servs.*, No. 12-CV-12936, 2013 WL 5348832, at *4-5 (E.D. Mich. Sept. 24, 2013) (same); *Murray v. Guernsey*, No. 1:11-CV-1045, 2012 WL 2417651, at *1 (W.D. Mich. June 26, 2012) (Quist, J.) (same).

The merits-based responses that Plaintiffs received from their grievances address the same allegations made towards Defendants in Plaintiffs' complaint. Therefore, Plaintiffs' objection is granted and the Court declines to adopt this portion of the R&R.

As to Plaintiff Perreault's retaliation claims against Defendant Young, Defendants have not moved to dismiss that claim for failure to exhaust. Thus, Plaintiffs' objection is granted and the Court declines to adopt this portion of the R&R.

**B. Mootness**

Plaintiffs object to the Magistrate Judge's conclusion that Plaintiffs' claims against Defendants Stoddard, Young, and Leslie are moot. Plaintiffs point out that the conditions complained of exist at every prison within Michigan because MDOC does not recognize the Christian Identity faith. Therefore, Plaintiffs will be subject to First Amendment and RLUIPA violations at every facility to which they are transferred, but they would be required to re-intiate their grievance at each facility. *See Goeber v. Lee Cnty.*, 510 F.3d 1312, 1323 (11th Cir.2007) ("If we allowed jails and prisons to play hide-and-seek with administrative remedies, they could keep all remedies under wraps until after the lawsuit is filed and then uncover them and proclaim that the remedies were available all along.")

The Magistrate Judge's discussion of mootness was made *sua sponte*. Granting summary

judgement *sua sponte* may be appropriate where "the losing party was on notice that it had to come forward with all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court." *Bennet v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (quoting *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000)). Plaintiffs did not have that opportunity in this case. Because Plaintiffs' complaints are targeted at statewide MDOC policies, the Court declines to find that Plaintiffs' claims are moot without further briefing on the issue. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (ruling that requests directed at the facility's policies, and not at MDOC "as a whole," were moot upon complainant's transfer from the facility).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections (ECF No. 26) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 29) is **REJECTED IN PART** and **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 18) is **DENIED**.


Date:  May 7, 2015                                    /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE